**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JOSEPH RAINEY, | : | |
| Petitioner, | : | |
| v. | : | Case No. 5:26-CV-257-CAR-AGH |
| WARDEN JACOB BEASLEY, | : | |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

On May 26, 2026, *pro se* Petitioner Joseph Rainey, a prisoner in Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his June 5, 2025 convictions for racketeering and drug trafficking from the Superior Court of Houston County. Compl. 1, ECF No. 1. On July 14, 2026, Petitioner filed a motion seeking appointment of counsel (ECF No. 5). Petitioner's motion for appointment of counsel (ECF No. 5) is **DENIED**.[1] It is further **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** because Petitioner failed to exhaust available state remedies. It is also **RECOMMENDED** that a certificate of appealability (COA) and any motion to proceed *in forma pauperis* (IFP) on appeal be

[1] No constitutional right to counsel exists in federal habeas proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d 1231, 1234 (11th Cir. 2003). Rather, the Court may appoint counsel for any financially eligible person seeking relief under §§ 2241, 2254, or 2255 of Title 28 if the "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, Petitioner has not demonstrated that the interests of justice require the appointment of counsel and moreover, this civil action is subject to dismissal as explained below.

**DENIED**.

## I. SCREENING

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases, R. 4.

A state prisoner cannot petition for federal habeas relief without first exhausting his state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner must first present his claims to the state courts through one complete round of the state's appellate review process, either on direct appeal or in state post-conviction proceedings. *O'Sullivan*, 526 U.S. at 845.

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–55 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a § 2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Id.* at 653 (allowing *sua sponte* dismissal based on untimeliness because R. & R. provided

notice and opportunity to respond to both petitioner and respondent); *see also Fletcher v. Oliver*, No. 1:20-00347-KD-N, 2020 WL 5100631, at *2 n.4 (S.D. Ala. July 21, 2020), *report and recommendation adopted*, 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020) (stating that "[t]he undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted").

In this case, Petitioner was convicted one year prior to filing his federal habeas petition. Compl. 1. When asked on the standard form about whether he appealed his judgment of conviction, he answers "No". *Id*. at 2. When asked on the form about whether he has filed any petitions, applications, motions, or appeals challenging his conviction and/or sentence in any state court, Petitioner states that he filed civil action no. 5:25-cv-183(MTT) in the United States District Court, Macon Division. *Id*. at 2, 4. However, a review of the Court's docket reveals that this civil action is a civil rights complaint and not a challenge to Petitioner's conviction. Nowhere in Petitioner's complaint does he list any motion to withdraw his guilty plea, habeas petition, or appeal that he has filed in any state superior court or state appellate court. Thus, it "plainly appears" on the face of the petition that Petitioner has not exhausted available state remedies. Rules Governing § 2254 Cases, R. 4.

Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## II. COA AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal but must obtain a

COA. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner fails to make these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed IFP on appeal be **DENIED**.

## III. CONCLUSION

Petitioner's motion to appoint counsel (ECF No. 5) is **DENIED**. It is **RECOMMENDED** that Petitioner's § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies and that any COA and motion to proceed IFP on appeal be **DENIED**.

The Clerk shall "notify the [P]etitioner" of this ruling by mailing him a copy of this Order and Recommendation. Rules Governing § 2254 Cases, R. 4. Pursuant to the memorandum of understanding with the Attorney General of Georgia, the Clerk shall serve a copy of the Petition, ECF No. 1, and this Order and Recommendation on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation.

The parties may serve and file written objections to this Recommendation with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. 28 U.S.C. § 636(b)(1). Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file written objections, provided it is filed before the written objection deadline. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED** this 16th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE